UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA L. BROCK,

     Plaintiff,

v.                                                    CASE No. 8:11-cv-656-T-27MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for Supplemental Security Income ("SSI"). At issue is whether the administrative law judge ("ALJ") erred at step two and whether the decision denying benefits is supported by substantial evidence. Having considered the record, I find the Commissioner correctly followed the regulatory scheme and substantial evidence supports the decision.[1]

*A. Background*

Plaintiff, who was 49 years old at the time of her administrative hearing, has an eighth grade education. She has no recent work history, although she has cared for family members,

---

[1] The standard of review here is limited to determining if the Commissioner's findings are supported by substantial evidence and whether the Commissioner's ultimate conclusions are legally correct. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). "Substantial evidence" consists of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Notably, a reviewing court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against his decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

including her ailing parents, in the past years. She claims she has been disabled since March 2007 (she filed her claim for SSI in July 2007) due cervical and back issues that cause her such pain that she becomes nauseous and vomits. She says she suffers excruciating migraines, has carpal tunnel in both hands, and experiences difficulty walking.

The ALJ concluded that Plaintiff suffers from severe impairments – mild degenerative disc disease, mild osteoporosis, and a history of urinary tract infections. After considering her medical record, the consultative examinations done at the Commissioner's request, and the opinions of non-examining medical reviewers, the ALJ concluded the Plaintiff possessed the residual functional capacity to perform a wide range of light work. Applying the "grids," he determined she was not disabled (R. 15-25). 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2, Rule 202.17.

   *B. Discussion*

The Plaintiff does not point to a specific step in the sequential analysis and claim the ALJ erred at that step.[2] Irrespective, she seems to attack the ALJ's findings at step two of the analysis and generally assert the ALJ failed to support his decisions at this step with substantial

---

[2] The Social Security Administration's regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(f).

evidence. For example, she says she suffers moderate to severe degenerative disc disease in the cervical and lumbar regions as evidenced by the radiological studies taken April 2007 (*see* R. 257, 259). Instead, the ALJ labeled her degenerative disc disease as mild. And he should have included Plaintiff's migraines among the list of severe impairments, despite the fact that the ALJ considered that particular impairment at step four of the sequential analysis when evaluating the Plaintiff's residual functional capacity. *See* 20 C.F.R. § 416.945 (all medically determinable impairments, both severe and non-severe, and any related symptoms are to be considered in deciding a claimant's residual functional capacity – i.e., what a claimant can do in the workplace despite his or her limitations). Plaintiff's complaints about the ALJ's findings misconstrue the regulatory analysis required at step two.

At step two, a claimant must show she suffers from an impairment or combination of impairments that significantly limits her physical and mental ability to do basic work activities, namely: walking, standing, sitting, pushing, reaching, seeing, hearing, speaking, understanding and carrying out simple instructions, use of judgment, and responding appropriately in the workplace. 20 C.F.R. §§ 416.920, 416.921. She need show only that her impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984). In other words, the "severity" of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Importantly, the ALJ's finding of *any* severe impairment is enough to satisfy a claimant's burden at this step and permit her to go to the next step of the sequential analysis. *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir.

3

1987); *Luckey v. Astrue,* 2008 WL 4200144, at *5 (M.D. Fla. 2008) (failure to find an impairment severe can be harmless if the ALJ considers the functional limitations of the impairment at later steps of the evaluation).

The ALJ followed the regulatory scheme. He found the Plaintiff's spinal issues to be a severe impairment for purposes of step two, a finding that obligated him to continue the sequential analysis. Having determined that none of the Plaintiff's impairments met a listing (step three), the ALJ skipped step four (due to the Plaintiff's lack of recent work history) and proceeded to step five, a step where the ALJ bears the burden of proof. At that final step, the ALJ assessed the Plaintiff's residual functional capacity and considered both her severe and non-severe impairments, singly and in combination, as required per 20 C.F.R. §§ 416.920(f) and 416.945. In rejecting the Plaintiff's testimony as to the persistence and intensity of her pain and limiting effects occasioned by her pain, the ALJ reasonably pointed to the medical evidence. Indeed, he acknowledged the same radiological studies the Plaintiff highlights, and he noted that she suffered from migraines. *See* R. 19, 20, 23. Yet, when evaluating the evidence as a whole, particularly the consultative examination reports by physicians Shyngle (R. 284-85) and Saad (R. 387-90) and the findings of state agency medical consultants, the ALJ determined that Plaintiff could still perform a wide range of light work. That finding, from this record, meets the substantial evidence threshold. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995) ("Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion.").

In large part, the Plaintiff's central claim is grounded on the description of her cervical disease based on radiological information from her April 2007 x-ray – "very severe degenerative disk disease from C5-7, with severe left neural foraminal narrowing at these levels." But that labeling of her condition does not drive the conclusion that the Plaintiff is unable work, as the Commissioner counters. *See McCruter*, 791 F.2d at 1547 (the severity of a medically ascertained disability must be measured in terms of its effect on the ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality).

*C. Conclusion*

For all the above reasons and those cited by the Commissioner in support of his decision (doc. 18), it is hereby recommended that the Plaintiff's complaint be dismissed, the Commissioner's decision affirmed, and the Clerk directed to enter judgment for the Commissioner.

IT IS SO REPORTED at Tampa, Florida on June 11, 2012.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:   Hon. James D. Whittemore
      Counsel of Record