UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA L. BROCK,

                Plaintiff,

vs.                                       Case No. 8:11-cv-00656-T-27MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 19) of the Magistrate Judge recommending that Plaintiff's complaint be dismissed, the Commissioner's decision affirmed, and the Clerk directed to enter judgment for the Commissioner. Plaintiff has filed objections to the Report and Recommendation (Dkt. 20). Specifically, Plaintiff argues that this Court should find that she suffers from moderate to severe degenerative disc disease and migraines and remand the case for the Commissioner to reassess the residual functional capacity of Plaintiff.

A district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and it comports with applicable legal standards. 42 U.S.C. §

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

While Plaintiff argues that the Administrative Law Judge ("**ALJ**") erred as a matter of law when finding that neither her degenerative disc disease nor her migraines were "severe" for purposes of the second step in the sequential evaluation process, the Eleventh Circuit has recognized that "the ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Council v. Barnhart*, 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the finding of any severe impairment is enough to satisfy the requirement of step two). Moreover, the ALJ's conclusions that Plaintiff suffered from only mild degenerative disc disease and that she retained the residual functional requirements to perform a wide range of light work are supported by substantial evidence. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) ("Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such evidence as a reasonable person would accept as adequate to support the conclusion."); *see also Martin v. Sullivan*, 894 F.2d 1520, 1259 (11th Cir. 1990) ("[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary;" rather "[w]e must scrutinize the record as a whole to

2

determine if the decision reached is reasonable and supported by substantial evidence") (quoting

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Accordingly, it is **ORDERED AND ADJUDGED**:

(1)     The Report and Recommendation (Dkt. 19) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

(2)     The decision of the Commissioner is **AFFIRMED**.

(3)     The Clerk is directed to enter final judgment in favor of Defendant pursuant to 42 U.S.C. § 405(g)

(4)     The Clerk is directed to terminate any pending motions/deadlines and **CLOSE** this case.

**DONE AND ORDERED** in chambers this 9th day of July, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

3